This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                        **No. 31,838**

**CHRISTOPHER BOUDREAUX,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, MM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals his conviction of aggravated DWI for a willful refusal to submit to a breath test. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments and, finding them unpersuasive, affirm.

Defendant continues to argue that there was insufficient evidence to support the conclusion that he willfully refused to submit to breath testing. He argues that he consented to the test and there was evidence that was the case. However, he did not properly complete the test. The evidence established that he did not blow steadily into the machine. Instead, he stopped and started blowing several times. That resulted in a failed test. We recognize that Defendant is now arguing that he was incapable of steadily blowing into the machine because of his shortness of breath caused by sickle cell anemia. We also recognize that the fact of his anemia is uncontested. However, there is nothing in the record suggesting that he informed the officer of his problem. Nor does it appear that he raised the fact of his anemia to the district court judge. Thus, no evidence was presented below to explain why Defendant started blowing, stopped blowing, and started blowing again several times when he had been instructed to blow steadily into the machine until told to stop.

The district court had before it only the evidence of the police officer who testified that he had given instructions on the use of the machine and the fact that there

was insufficient breath provided to complete the test. We recognize that Defendant had initially consented to the breath test. But, it was for the district court to weigh the evidence and determine from the evidence presented whether Defendant's failure to supply an adequate breath sample was a willful refusal. We have previously held that it is. *See State v. Vaughn*, 2005-NMCA-076, ¶ 40, 137 N.M. 674, 114 P.3d 354. We conclude that the evidence was sufficient to support the finding that Defendant willfully refused to submit to a breath test.

Defendant argues that *Vaughn* is distinguishable because in that case one sample was provided. The defendant simply did not provide a second one. We do not see a material difference between that case and this one where Defendant did not provide an adequate sample to test. Whether it was the first sample or the second does not matter. Defendant did not provide an adequate sample and we have held that the failure to provide an adequate sample is a willful refusal.

In *Vaughn*, the defendant testified to a hearing impairment that affected his compliance with the second test. The district court expressly found the defendant not credible. To the contrary, in this case, Defendant never testified that he had trouble with shortness of breath and could not therefore comply with instructions. Defendant asserts in his memorandum that there was uncontested evidence presented at trial of his sickle cell anemia, which causes shortness of breath. [MIO 16] That assertion is

3

not supported by the record, which indicates that there was no evidence presented to the district court that Defendant suffered from sickle cell anemia which affected his ability to blow properly into the machine. [RP 84-85] Thus, there was no uncontradicted evidence of the sickle cell anemia and there was no need for the district court to determine whether or not Defendant had a valid reason for not providing an adequate sample. The failure to provide a sample without excuse is a willful refusal of the test.

Defendant also continues to argue that the evidence was insufficient to support a determination that he was driving while impaired by alcohol. As we pointed out in our calendar notice, all the evidence relied on by Defendant to support his claim is simply conflicting evidence that the district court may consider. Further, contrary evidence supporting acquittal does not mean that the evidence was insufficient to support a conviction. *State v. Marquez*, 2009-NMSC-055, ¶ 17, 147 N.M. 386, 223 P.3d 931. Here, the district court considered all the evidence presented, including that of the arresting officer and Defendant himself, and concluded that Defendant was driving while impaired by alcohol. We conclude that evidence was sufficient to support the conviction.

For the reasons stated herein and in the calendar notice, we affirm.

**IT IS SO ORDERED**.

_____
                    **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**